**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1940**

GLENN H. STEPHENS, III,

            Plaintiff – Appellant,

      v.

UNITED STATES OF AMERICA,

            Defendant – Appellee,

      and

TINA QUARLES,

            Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge. (1:15-cv-00726-LMB-IDD)

Submitted:  January 11, 2016        Decided:  January 13, 2016

Before GREGORY, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Glenn H. Stephens, III, Appellant Pro Se.  Ayana Niambi Free, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenn H. Stephens, III, appeals the district court's order granting the United States' motion to dismiss and dismissing his civil action. Stephens filed a warrant in debt against Tina Quarles in Virginia state court, alleging a single count of defamation per se. The Government removed the matter to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 2679(d)(2) (2012), and filed a notice of substitution, substituting itself for Quarles as the named defendant, pursuant to 28 U.S.C. § 2679(d)(1) (2012).

The Government then moved to dismiss the action as barred by sovereign immunity. Stephens opposed the motion and sought remand to state court on the basis that the Government's removal certification was invalid. The district court denied Stephens' request, concluded that the Government was the proper defendant, and dismissed the action based on sovereign immunity. Stephens appeals the district court's order, arguing on appeal that the case should have been remanded to state court because the removal certification was "perjured."

We review the district court's factual findings for clear error and its scope-of-employment determination de novo. Gutierrez de Martinez v. Drug Enf't Admin., 111 F.3d 1148, 1152 n.3 (4th Cir. 1997). The district court correctly determined that it could not remand the matter to state court. A removal

2

certification is conclusive; "once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." Osborn v. Haley, 549 U.S. 225, 231 (2007). This is true even where the certification was unwarranted. Id. at 241. Moreover, no evidence establishes that the removal certificate was perjured as Stephens alleges. To the contrary, the record demonstrates that the United States Attorney had a good faith basis for removing the matter to federal court. Finally, we agree with the district court that Quarles was acting within the scope of her employment at the time she made the purportedly defamatory comment, and that suit against the Government was barred by sovereign immunity.

Accordingly, although we grant leave to proceed in forma pauperis, we affirm for the reasons stated by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED